Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000673
23-MAY-2018
10:49 AM

NO. CAAP-16-0000673


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RINALDO J. TORRES, JR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-1376)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Rinaldo J. Torres Jr. (Torres) appeals from the September 28, 2016 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit (Circuit Court).[1] After a jury-waived trial, the Circuit Court convicted Torres in Count 1 of Robbery in the First Degree, a violation of Hawaii Revised Statutes (HRS) § 708-840(1)(b)(i) (2014) and/or HRS § 708-840(1)(b)(ii) (2014),[2] and in Count 2 of

---

[1]     The Honorable Dexter D. Del Rosario presided.

[2]     HRS § 708-840 provides, in relevant parts:

(1) A person commits the offense of robbery in the first degree if, in the course of committing theft or non-consensual taking of a motor vehicle:

. . . .

(b)     The person is armed with a dangerous instrument or a simulated firearm and:

(i)     The person uses force against the person of anyone present with intent to overcome that person's physical resistance or physical power of resistance; or

(continued...)

Terroristic Threatening in the First Degree, a violation of HRS § 707-716(1)(e) (2014).[3] Torres was sentenced to twenty years incarceration in Count 1 and five years incarceration in Count 2.

On appeal, Torres contends that: (1) the Circuit Court erred by finding that Torres's waiver of his right to a jury trial was voluntary; (2) the Circuit Court erred by not advising

---

[2](...continued)

      (ii) The person threatens the imminent use of force against the person of anyone present with intent to compel acquiescence to the taking of or escaping with the property;

. . . .

(2) As used in this section:

. . . .

"Simulated firearm" means any object that:

      (a) Substantially resembles a firearm;

      (b) Can reasonably be perceived to be a firearm; or

      (c) Is used or brandished as a firearm.

We note that completion of the theft to prove robbery under this section is immaterial. See State v. Tran, 105 Hawai'i 148, 159, 95 P.3d 2, 13 (App. 2002).

[3] HRS § 707-716(1) provides, in relevant parts:

(1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:

      . . . .

      (e) With the use of a dangerous instrument or a simulated firearm. For purposes of this section, "simulated firearm" means any object that:

         (i) Substantially resembles a firearm;

         (ii) Can reasonably be perceived to be a firearm; or

         (iii) Is used or brandished as a firearm[.]

HRS § 707-715 (2014) provides, in relevant part:

**Terroristic threatening, defined.** A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage or harm to property, including the pets or livestock, of another or to commit a felony:

      (1) With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person[.]

Torres of his right not to testify; (3) the Circuit Court erred by denying his motion for judgment of acquittal; and (4) Torres received ineffective assistance of trial counsel.

After a careful review and consideration of the parties' arguments, the record on appeal, and legal authorities, we resolve Torres's points on appeal as follows and affirm his conviction.

1. The Circuit Court did not err by finding Torres's waiver of his right to a jury trial was voluntary. "[T]he validity of the waiver of a right to a jury trial is reviewed under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." State v. Gomez-Lobato, 130 Hawai'i 465, 470, 312 P.3d 897, 902 (2013) (citation, emphasis, and internal quotation marks omitted) (citing United States v. Duarte-Higareda, 113 F.3d 1000, 1002 (9th Cir. 1997)). The court in Gomez-Lobato stated that in determining whether a defendant has knowingly, voluntarily, and intelligently waived the right to a jury trial, the court may inform the defendant that: (1) a jury is composed of twelve members of the community; (2) the defendant may take part in jury selection; (3) a jury verdict must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial. Id. However, the court explicitly refused to make this advisory mandatory. Gomez-Lobato, at 470-71, 312 P.3d at 902-03.

In this case, Torres signed a Waiver of Trial by Jury[4] and, upon indicating that he wanted to waive his right to jury trial, the Circuit Court engaged in a colloquy with Torres about the potential penalties for the offenses and also advised him of the four factors in Duarte-Higareda. During this colloquy, Torres indicated that he knew the rights he was waiving and acknowledged that he had signed a Waiver of Trial by Jury form. In addition, Torres articulated his reason for wanting to waive his right to a jury trial, stating, "I feel that you [the Circuit Court] will be fair in weighing the evidence against me." Thus,

---

[4] We note that the four Duarte-Higareda factors are not listed on the Waiver of Trial by Jury form.

3

Torres did not just engage in a yes-or-no exchange with the Circuit Court, but instead participated in an extensive dialogue demonstrating that he waived his right to a trial by jury knowingly and voluntarily. See State v. Friedman, 93 Hawai'i 63, 70, 996 P.2d 268, 275 (2000) (holding that the defendant knowingly and voluntarily waived his right to jury trial when the defendant "did not simply acknowledge his right to a jury trial with a simple 'yes'" but rather articulated a correct understanding of what a jury trial would have entailed). The record indicates that under the totality of circumstances, Torres voluntarily waived his right to a jury trial and Torres fails to point to any evidence to the contrary. See Gomez-Lobato, 130 Hawai'i at 469, 312 P.3d at 901. Thus, Torres's argument that his waiver of jury trial was invalid is without merit.

2. Relying on State v. Monteil, 134 Hawai'i 361, 373, 341 P.3d 567, 579 (2014), Torres claims that the Circuit Court plainly erred by failing to administer the pretrial advisement that he had a right to remain silent. The State admits that the Circuit Court failed to administer the Lewis advisory. As posited by Torres, the question is whether a showing of actual prejudice caused by this failure is required for him to prevail. The State maintains that it is.

The supreme court has clearly stated that any claim of prejudice resulting from the failure of the trial court to give the pre-trial advisement must meet the actual prejudice standard. State v. Lewis, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000). Here, Torres has failed to establish actual prejudice.

Indeed, Torres's testimony was essential to the defense of self-defense laid out in his opening statement. The State presented the complaining witnesses and video evidence of the incident.[5] Torres called no other witness besides himself. Thus, there can be no finding of actual prejudice in this case. In similar circumstances, we have reached the same conclusion. See State v. Ragragola-Lenchanko, 135 Hawai'i 408, 353 P.3d 411,

---

[5] The only harm Torres identifies on appeal as stemming from his testimony is his admission that he is the man depicted in the State's video evidence. Torres concedes this is only harmful if the witness testimony discussed in point three is excluded.

Nos. CAAP-12-0000605 and CAAP-12-0000798, 2015 WL 3823807 at *2, (App. Jun. 18, 2015) (SDO) (where defendant testified, deficient <u>Lewis</u> advisory and <u>Tachibana</u> colloquy and no claim decision to testify was not voluntarily, knowingly and intelligently made, no error) <u>cert. denied</u>, 2015 WL 5123707 (Aug. 31, 2016); <u>see also</u> <u>State v. Derego</u>, No. CAAP-12-0000638, 2015 WL 4042196 at *11 (App. Jul. 2, 2015) (mem.) (failure to advise of right not to testify did not constitute harmful error where defendant testified in support of his alibi defense; conviction overturned on other grounds).

3. The Circuit Court did not plainly err in denying Torres's motion for judgment of acquittal. Torres challenges the sufficiency of the evidence by way of challenging the admissibility of a complaining witness's (CW1) testimony because the court administered an improper oath. CW1 is a Japanese national and the complaining witness in Count 1, the Robbery count. Torres concedes that, with CW1's testimony there was sufficient evidence of identity for both convictions. Torres did not challenge the oath administered during the trial, thus we review his challenge on appeal for plain error. <u>See</u> Hawai'i Rules of Penal Procedure (HRPP) Rule 52(b).[6]

Hawaii Rules of Evidence (HRE) Rule 603 provides: "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the witness' duty to do so."[7] Hawai'i courts have not addressed this issue, but generally, the failure to object to the failure to swear a witness is reviewed for plain error on appeal. <u>E.g.</u>, <u>United States v. Perez</u>, 651 F.2d 268, 273 (5th Cir. 1981).[8]

---

[6]    HRPP Rule 52(b) Plain Error, provides, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

[7]    The authorized witness's oath or affirmation reads, "Do you solemnly swear or affirm that the testimony you are about to give will be the truth, the whole truth and nothing but the truth?" HRS § 621-12 (2016).

[8]    <u>See also</u> <u>United States v. Gaytan</u>, 74 F.3d 545, 556 (5th Cir. 1996), cert. denied sub nom <u>Gandara-Granillo v. United States</u>, 519 U.S. 821

(continued...)

Here, the interpreter's rather than the witness's oath was mistakenly used.[9] The interpreter's oath does not contain an affirmation to testify truthfully. On cross-examination, however, CW1 acknowledged he understood he was under oath and that meant he promised to tell the truth and not to lie. Thus, the record shows even though an incorrect oath was administered, it did in fact "awaken the witness' conscience and impress the witness' mind with the witness' duty to [testify truthfully]." HRE Rule 603.

Moreover, a particular form of the oath is not required. See HRE Rule 603 cmt. ("As the Advisory Committee's Note to Fed. R. Evid. 603 puts it: '[N]o special verbal formula is required.'"). See also State v. Ponteras, 44 Haw. 71, 75, 351 P.2d 1097, 1100 (1960) ("No particular words are required in exacting the declaration or promise from the child to tell the truth."); United States v. Armijo, 5 F.3d 1229, 1235 (9th Cir. 1993) ("[T]here is no constitutional or statutorily required form of oath."). We conclude there was no plain error in the Circuit Court's failure to administer the witness-oath pursuant to HRE Rule 603 instead of the interpreter-oath, and, thus, CW1's testimony was admissible.

---

[8](...continued)
(1996) ("Gaytan asserts that the district court committed plain error by failing properly to swear a government witness. He raised no objection to this failure at trial, however. It is the general rule that a defendant who does not object to a failure to swear a witness at trial waives any right to raise that issue on appeal."); United States v. Odom, 736 F.2d 104, 114 (4th Cir. 1984) ("It is well settled that the swearing of a witness is waived by failure to raise the point during the witness' testimony, thus denying the trial court an opportunity to correct what has been characterized as an 'irregularity.'"); Wilcoxon v. United States, 231 F.2d 384, 387 (10th Cir. 1956) (by failing to bring the lack of an oath to the attention of the court at the time the witness testified, the defendant waived the right to seek a new trial on that ground), cert. denied, 351 U.S. 943 (1956); Beausoliel v. United States, 107 F.2d 292, 294 (D.C. Cir. 1939) ( "[W]e are of the opinion that the irregular administration of the oath to a witness, or the taking of testimony without an oath at all, must, if known to the adverse party, be objected to at the time. [A defendant] may not, with knowledge of the irregularity, permit the trial to proceed, and raise the question after the verdict.") (citation and internal quotation marks omitted).

[9] The oath as read was, "Do you solemnly swear or affirm that you will interpret accurately and impartially, to the best of your ability, in the case now pending before this Court?"

4. Torres did not receive ineffective assistance of trial counsel.

> When reviewing a claim of ineffective assistance of counsel, [the appellate court] looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (citations, footnote, and internal quotation marks omitted).

First, Torres argues that he received ineffective assistance of counsel because trial counsel failed to object to unsworn testimony in his motion for judgment of acquittal. Torres's argument is without merit because even if trial counsel had done so, the trial court could have reopened the case to retake CW1's testimony under a proper oath. See State v. Munnis, 546 A.2d 1060, 1061 (N.H. 1988) (the trial court did not abuse its discretion by reopening State's case to permit retaking of unsworn testimony); see also State v. Kwak, 80 Hawai'i 297, 304, 909 P.2d 1112, 1119 (1995) (trial court has discretion to reopen evidence after the State rests to overcome a motion for judgment of acquittal). Therefore, even if Torres's counsel had made a timely objection to the incorrect oath the testimony nevertheless could have been admitted. Thus, Torres fails to meet his burden on this point of establishing there was an omission impairing a potentially meritorious defense. See Wakisaka, 102 Hawai'i at 513-14, 78 P.3d at 326-27.

Second, Torres asserts that he received ineffective assistance of counsel because he was permitted to testify that he was the man present during the incident. Torres concedes that if CW1's identification of Torres is admissible this point should be

denied.   Thus, having determined that CW1's testimony was properly admitted, we need not address this issue.

For the foregoing reasons, the September 28, 2016 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, May 23, 2018.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge